1

2                    IN THE UNITED STATES DISTRICT COURT

3                   FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    MYCHAEL T. SHANNON,

7           Plaintiff,                        CV F 04 5558 REC WMW P

8       vs.                                   ORDER DISMISSING COMPLAINT
                                              WITH LEAVE TO AMEND
9    _____

10   V. YAMAMOTO, et al.,

11          Defendants.

12

13

14          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

15   U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

16   U.S.C. § 636(b)(1).

17          This action proceeds on the original  complaint.  Plaintiff, an inmate in the

18   custody of the California Department of Corrections at Lancaster State Prison, brings this civil

19   rights action against defendant correctional officials employed by the Department of Corrections

20   at CSP Corcoran.  Plaintiff names Associate Warden V. Yamamoto and Sergeant V. Ranger.

21          Plaintiff's claims in this complaint stem from the removal of legal documents

22   from his cell.   The specific allegations are that on September 17, 2002, Sergeant Rangel

23   authorized a correctional officer to confiscate 1,500 pages of reporter's transcripts from

24   plaintiff's cell.  These transcripts relate to plaintiff's criminal conviction, and are necessary for

25   plaintiff to challenge his conviction.  On December 11, 2002, Rangel authorized another

26

correctional officer to confiscate "approximately three cubic feet" of legal documents from plaintiff's cell.   Plaintiff filed an inmate grievance, which was granted in part by Sergeant Rangel on February 3, 2003.   All of plaintiff's legal property was returned to him with the exception of  the transcripts, which were deemed lost.   Plaintiff's requests for monetary compensation and release from custody were denied.

Due Process

Plaintiff claims a violation of due process for the failure to comply with prison rules and regulations.   Plaintiff levels a conclusory allegation that "the defendants have derelicted their duty to obey their own established rules and regulations."

In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court changed the manner in which courts are to determine whether a state created liberty interest exists.  Under Sandin, procedural due process does not attach unless the state subjects an inmate to restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. at 479.   A violation of prison regulations, practices, or policies do not, of themselves, give rise to a constitutional violation. Plaintiff must allege some facts indicating that he has been deprived of a protected interest, and that such a deprivation subjected him to an atypical and significant hardship, as that term is defined above.

Access to Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

Here, plaintiff has failed to allege facts indicating that he suffered actual injury as

2

1  that term is defined in <u>Lewis</u>.  That he was deprived of his transcripts does not, of itself, subject

2  defendants to liability.  Plaintiff's allegations amount to, at most, interference.

3         <u>Property</u>

4         As to any claim for compensation due to lost property, because California has an

5  adequate post-deprivation remedy, Clark has no cognizable claim under § 1983 for the negligent

6  or intentional deprivation of his property.  See <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17  (9th

7  Cir.1994.

8         The court finds the allegations in plaintiff's complaint vague and conclusory.

9  Plaintiff must allege with at least some degree of particularity overt acts which defendants

10  engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the

11  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

12  however, grant leave to file an amended complaint.

13         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

15  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

16  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

17  there is some affirmative link or connection between a defendant's actions and the claimed

18  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

19  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

20         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

21  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

22  amended complaint be complete in itself without reference to any prior pleading.  This is

23  because, as a  general rule, an amended complaint supersedes the original complaint.  See <u>Loux</u>

24  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

25  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

26

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.IT IS SO ORDERED.

**Dated:    October 31, 2005**        **/s/  William M. Wunderlich**
mmkd34                     UNITED STATES MAGISTRATE JUDGE